**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Michelle Steventon and Sharon Herring, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.   18 C 7863 |
| Cavalry SPV I, LLC, Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Michelle Steventon and Sharon Herring, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendant's extensive business dealings here make it subject to this Court's general jurisdiction.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; b) Plaintiff Steventon resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Michelle Steventon ("Steventon"), is a citizen of the State of Illinois, while Plaintiff, Sharon Herring ("Herring"), is a citizen of State of South Carolina.

Both Plaintiffs are consumers from whom Defendant attempted to collect defaulted consumer debts, despite the fact that they had exercised their rights to refuse to pay the debts and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Cavalry operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Cavalry's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant Cavalry authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Cavalry conducts extensive business in Illinois by writing to and calling, as well as filing lawsuits against, thousands of Illinois consumers.

7. Moreover, Defendant Cavalry is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Cavalry acts as debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

**Ms. Michelle Steventon**

8. Ms. Steventon is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Home Depot/Citibank ("Citibank") credit card account. In response to her financial problems, Ms. Steventon sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her debt problems, including the Citibank debt.

9. Accordingly, on June 21, 2017, one of Ms. Steventon's legal aid attorneys informed Citibank that Ms. Steventon was represented by counsel, and directed Citibank to cease contacting her and to cease all further collection activities because Ms. Steventon was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and the fax confirmation are attached as Exhibit C.

10. Thereafter, Defendant Cavalry bought/obtained Ms. Steventon's alleged Citibank account, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Steventon and had another debt collector, Financial Recovery Services, Inc., send Ms. Steventon a collection letter, dated April 2, 2018, demanding payment of the Citibank debt. A copy of this collection letter is attached as Exhibit D.

11. Accordingly, on June 21, 2018, Ms. Steventon's legal aid attorneys had to inform Defendant, in writing yet again, that they represented Ms. Steventon, that she

3

refused to pay the debt and that Defendant should cease communications. A copy of this e-mail letter is attached as Exhibit E.

**Ms. Sharon Herring**

12. Ms. Herring is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Synchrony Bank/Care Credit ("Synchrony") credit card account. At some point in time after this debt went into default, Defendant Cavalry allegedly bought Ms. Herring's Synchrony account and then began trying to collect it from her. When Defendant Cavalry began trying to collect this debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program regarding Defendant's collection actions.

13. Specifically, Defendant Cavalry sent Ms. Herring a collection letter dated January 21, 2017, demanding payment of the Synchrony debt. A copy of this letter is attached at Exhibit F.

14. Accordingly, on March 22, 2017, one of Ms. Herring's legal aid attorneys at LASPD informed Defendant Cavalry that Ms. Herring was represented by counsel, and directed Defendant Cavalry to cease contacting her, and to cease all further collection activities because Ms. Herring was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached at Exhibit G.

15. Nonetheless, Defendant Cavalry sent Ms. Herring another collection letter, dated January 30, 2018, demanding payment of the Synchrony debt. A copy of this letter is attached at Exhibit H.

16. Accordingly on June 12, 2018, Ms. Herring's LASPD attorney had to send Defendant yet another letter, directing them to cease communications and to cease

collections. A copy of this letter is attached at Exhibit I.

**Materiality**

17.  Defendant's violations of the FDCPA were material because, although Plaintiffs had been informed by counsel and believed that they had the right to refuse to pay these debts and to demand that collection communications cease, Defendant's collection communications made Plaintiffs believe that their demands had been futile and that they did not have the rights Congress had granted them under the FDCPA.

18.  Moreover, violations of the FDCPA which would lead a consumer to alter their course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiffs to question whether they were still represented by counsel as to these debts, which caused stress and confusion as to whether they were required to pay the debts at issue.

**Satisfaction of Statute of Limitations**

19.  Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

**Standard of Review for Communications**

20.  Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

21.  Plaintiffs adopt and reallege ¶¶ 1-20.

5

22. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, <u>see</u>, 15 U.S.C. § 1692c(c).

23. Here, the letters from Plaintiffs' attorneys to Defendant's predecessor-in-interest, regarding Plaintiffs' accounts, told Defendant to cease communications and cease collections. By directly communicating with Plaintiffs regarding these debts and demanding payment (Exhibits <u>D</u> and <u>H</u>), Defendant violated § 1692c(c) of the FDCPA

24. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

25. Plaintiffs adopt and reallege ¶¶ 1-20.

26. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2).

27. Defendant knew, or readily could have known, that Plaintiffs were represented by counsel in connection with their debts because their attorneys had given notice in writing, to Defendant's predecessor-in-interest regarding Plaintiffs' accounts, that Plaintiffs were represented by counsel, and had directed a cessation of communications with Plaintiffs. By directly sending Plaintiffs a collection letter (Exhibits

D and H), despite being advised that they were represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

28. Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Michelle Steventon and Sharon Herring, pray that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs Steventon and Herring, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Michelle Steventon and Sharon Herring, demand trial by jury.

                      Michelle Steventon and Sharon Herring,

                      By: /s/ David J. Philipps
                      One of Plaintiffs' Attorneys

Dated: November 28, 2018

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

7